J-S29041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE BARKER | : | |
| | : | |
| Appellant | : | No. 3482 EDA 2016 |

Appeal from the PCRA Order October 18, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001937-2008

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 28, 2017**


Appellant Terrence Barker appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County on October 18, 2016, dismissing as untimely his second[1] petition filed pursuant to the Post Conviction Relief Act (PCRA).[2]  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] While Appellant filed two previous PCRA petitions, the first concerned the restoration of his right to petition the Pennsylvania Supreme Court for allowance of appeal *nunc pro tunc*.  Thus, the trial court erroneously deemed the current petition to be Appellant's third PCRA petition. Trial Court Opinion, filed 12/12/16, at 3.  **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa.Super. 2003) (noting that "[w]hen a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes") (citation omitted).

[2] 42 Pa.C.S.A. §§ 9541-9546.

A panel of this Court previously related the relevant facts and procedural history herein as follows:

> On September 4, 2008, [Appellant] was convicted on two counts of rape, one count of burglary, and one count of criminal trespass. On December 18, 2008, [Appellant] was sentenced to an aggregate term of fourteen to forty years' incarceration. Trial counsel filed a timely post-sentence motion alleging that the Commonwealth failed to turn over to the defense both documentation relating to the chain of custody of a knife and the victim's medical records. The trial court denied the motion. [Appellant] then filed a notice of appeal. In its Rule 1925(a) opinion, the trial court found that [Appellant] suffered no prejudice from the Commonwealth's failure to turn over that documentation. This Court adopted the trial court's findings and rationale and affirmed the judgment of sentence. *See Commonwealth v. Barker*, 1152 EDA 2009 (Pa. Super. April 30, 2010) (unpublished memorandum).[3]
>
> On July 22, 2010, [Appellant] filed a PCRA petition seeking the reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. On November 23, 2010, the PCRA court granted the petition. [Appellant] filed his petition for allowance of appeal. On September 26, 2011, the Supreme Court denied the petition.[4]
>
> On March 14, 2012, [Appellant] filed a second PCRA petition. The court appointed counsel, who then filed an amended petition on January 22, 2013. The amended petition asserted that trial counsel was ineffective for various reasons, only two of which are relevant for the purposes of this appeal: that trial counsel was ineffective for entering into stipulations and that trial counsel was ineffective for failing to discuss those stipulations with [Appellant] prior to agreeing to them. On June 13 and August 20, 2013, the PCRA court held hearings on the petition.

---

[3] The official docket entries indicate this Court affirmed Appellant's judgment of sentence on June 14, 2010.

[4] The United States Supreme Court denied Appellant's petition for writ of certiorari on January 23, 2012. *See Barker v. Pennsylvania*, 565 U.S. 1181, 132 S.Ct. 1149, 181 L.Ed.2d. 1023 (2012).

The testimony at the PCRA hearing supports the following summary. At trial, [Appellant's] counsel stipulated to the chain of custody of the knife that [Appellant] used during the commission of his crimes. Notes of Testimony ("N.T."), PCRA Hearing, 8/20/2013, at 8. Trial counsel also stipulated to the victim's medical records, which consisted of an emergency room report indicating that there was no apparent trauma noted during the victim's examination. *Id*. at 14. After trial, trial counsel's associate picked up discovery for an unrelated case and was given a discovery packet pertaining to the instant case. In that packet were four pages of property records, including the victim's rape kit with the name of the nurse who provided the kit to the police and other items recovered. The knife in question was not among the items listed. *Id*. at 8, 15-16. Trial counsel testified that, had he known of this information prior to trial, he would not have entered into the stipulations. *Id*. at 16, 18.

On September 25, 2013, the PCRA court issued an order denying the petition. As to the two issues discussed above, the PCRA court found that [Appellant] failed to demonstrate that he was prejudiced by either stipulation or by trial counsel's failure to consult him.

On October 16, 2013, [Appellant] filed a notice of appeal. The PCRA court ordered, and [Appellant] timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 26, 2013, the PCRA court issued its Rule 1925(a) opinion, in which it incorporated the reasoning set forth in its September 25 order.

*Commonwealth v. Barker*, No. 2897 EDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed June 3, 2014). Finding the issues Appellant had raised for review lacked merit, this Court affirmed the PCRA court's order denying Appellant's PCRA petition. *Id*. at 7. The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on December 30, 2014.

Appellant filed *pro se* the instant PCRA petition on September 6, 2016, wherein he challenged the legality of his sentence. Pursuant to Pa.R.Crim.P.

907, the PCRA court provided Appellant with notice of its intent to dismiss his PCRA petition without a hearing on September 15, 2016, and on September 30, 2016, Appellant filed a response thereto.

On November 7, 2016, Appellant filed his concise statement of errors complained of on appeal wherein he contended the following:

A.      The lower court committed error by not allowing petitioner an evidentiary hearing on an illegal sentence.
B.      The lower court errored [sic] when it gave [Appellant] 10 years more than the maximum sentence required by law.
C.      The lower court erred when it did not correct [Appellant's] sentence.

However, in his brief Appellant abandoned these claims and instead presented the following Statement of Questions Involved, which we reproduce verbatim:

A.      Whether the Commonwealth through D.A. Pearl Kim Esq. committed prosecutorial misconduct when she deliberately withheld information that would have shown that petitioner and complaintant [sic] had consensual sex and that the medical report went against everything that the Commonwealth argued.
B.      Whether the court erred when it allowed the Complaintant [sic] to use the Court to mislead and deceived them into believing that a crime occurred by stating [Appellant] broke into her home when in fact she offered for him to stay since he had no place to go.
C.      Whether District Attorney Kim committed prosecutorial misconduct when she wrongfully stating [sic] that items stipulated into evidence when indeed they remained in the custody of the Chester Police Department.

Brief for Appellant at 2 (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record

supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or
       subsequent petition, shall be filed within one year of the

date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, this Court affirmed Appellant's judgment of sentence on June 14, 2010. On September 26, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal filed *nunc pro tunc*, and the United States Supreme Court denied his petition for writ of certiorari on January 23, 2012. Thus, Appellant's judgment of sentence became final for purposes of the PCRA on January 23, 2012. **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); **see also** U.S. Sup.Ct.R. 13.1. A timely PCRA petition had to have been filed by January 23, 2013; therefore, the instant petition filed on

September 6, 2016, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant's issues presented in his appellate brief are without merit or waived because he either raised them or could have raised them on direct appeal or failed to preserve them for our review by failing to include them in his Rule 1925(b) statement. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (requiring that the allegation of error an appellant presents in a PCRA petition has not been previously litigated or waived); ***see also*** 42 Pa.C.S.A. § 9544(a)(2) (an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"); ***See also Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007) (finding a claim raised in a PCRA petition waived because appellant could have raised it on direct appeal but failed to do so); 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding").

In addition, it is well-settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal. **See Commonwealth v. Lauro**, 819 A.2d 100, 103 (Pa.Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or amended PCRA petition). Further, an appellant cannot raise a new legal theory for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n. 3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008); Pa.R.A.P. 302(a). Moreover, Pennsylvania Rule of Appellate Procedure 1925 provides that issues not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 308 (1998).

Insofar as Appellant asserted in his PCRA petition that his sentence is greater than the lawful maximum, **See** PCRA petition, filed 9/6/16, at 4, he did not actually argue therein that his sentence is illegal. **See id**. Rather, as the trial court noted in its Rule 1925(a) Opinion, Appellant's challenge to the legality of his sentence was premised upon his misunderstanding of the length of his sentence, for the sentencing court "was deliberate in its sentencing, which was based on the sentencing guidelines and meticulous as to its reason for Appellant's sentence." Trial Court Opinion, filed 12/12/16, at 5 citing N.T. Sentencing, 12/18/08 at 17-21. Thus, Appellant has not raised a non-waivable challenge to the legality of his sentence.

Indeed, the fact that Appellant purported to challenge the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999), the Pennsylvania Supreme Court rejected this contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 331, 737 A.2d at 223 (citation omitted). Thus, Appellant cannot escape the PCRA's timeliness requirements based upon a claim of an illegal sentence. **See id.** Furthermore, Appellant failed to develop an argument in his appellate brief that his sentence is illegal in light of any specific statutory provision or recent holding in any case.

As Appellant has failed to plead and prove one of the aforementioned exceptions to the PCRA time-bar, the courts of this Commonwealth are without jurisdiction to offer Appellant any form of relief. **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa.Super. 2011). Accordingly, the PCRA court properly denied Appellant's patently untimely PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2017</u>